UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA TAYLOR,

Plaintiff,

v.                                              CAUSE NO. 3:18-CV-955-DRL-MGG

C. FOX *et al.*,

Defendants.

OPINION & ORDER

Joshua Taylor, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. The court remains ever mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

The complaint is difficult to parse; but, giving it liberal construction, Mr. Taylor complains about events occurring at Miami Correctional Facility on or about July 12, 2018. He claims he was told that he would be moving from the "AHU" dorm to the "KHU" dorm. He says he told Sergeant Long (first name unknown) that he couldn't move to KHU because another inmate housed there had "put a PREA"[1] on him in May 2018. Sergeant Long gave him a protective custody form to fill out, but Mr. Taylor clarified that he was not refusing to move or requesting protective custody, only that he didn't want to go to KHU. Caseworker C. Fox was standing nearby, and Mr. Taylor told her too that he didn't want to go to KHU because of the other inmate's prior complaint. Caseworker Fox left

---

[1] He does not elaborate, but he appears to be stating that the other inmate made a complaint against him under the Prison Rape Elimination Act, 34 U.S.C. § 30301 *et seq.*

to go speak with someone, but later called into Mr. Taylor's cell to tell him that he was still moving to KHU. He claims that she laughed when she made this statement.

Mr. Taylor then called his mother to complain about what was occurring. His mother subsequently called an administrative assistant at the prison, R. Rowe, who allegedly "lied" to his mother and told her the prison would "take care of it." A few hours later, Sergeant Dice and Correctional Officer Wright (first names unknown) arrived to transport Mr. Taylor to KHU. He told them that he didn't want to move to KHU because of the other inmate, and they allegedly replied that they "don't care." Mr. Taylor proceeded to lay on the ground, at which point the officers brought in a wheelchair, placed him in the wheelchair, and handcuffed his hands behind the wheelchair. They then wheeled him outside to transport him to the other dorm. A number of other inmates were outside at the time, and when they saw Mr. Taylor, they began laughing at him and calling him "dum[b]."

When the group arrived at KHU, they were met by Captain Morson (first name unknown). Mr. Taylor repeated his concern about the other inmate to Captain Morson, who then made a phone call. Thereafter, Captain Morson told the officers to take Mr. Taylor back to AHU. Although he was not actually moved, Mr. Taylor is upset that prison staff, other than Captain Morson, didn't take this issue seriously and laughed at him or brushed off his concerns.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). A failure-to-

protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005).

Here, Mr. Taylor does not plausibly allege that he was in any type of danger during these events. It appears instead that it was the other inmate who had accused Mr. Taylor of mistreating *him*. Even if the court were to presume that Mr. Taylor's prior altercation with this inmate posed some kind of danger to Mr. Taylor, prison staff remedied the situation before the transfer actually occurred. The fact that some prison staff laughed at him or treated his concerns brusquely, while perhaps unprofessional, doesn't give rise to a constitutional claim. *See Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *abrogated on other grounds, Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

Mr. Taylor may also be trying to assert an excessive force claim against the two officers who transported him to KHU. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Here, Mr. Taylor acknowledges that instead of cooperating with the officers who were there to move him to another cell, he laid down on the floor. The officers placed him in a wheelchair and handcuffed him so that they could carry out their order to transport him to KHU. It cannot be plausibly inferred from his allegations that the officers used force maliciously or sadistically to cause harm. Nor does he detail any physical injuries he suffered as a result of this incident. Although Mr. Taylor is upset that the other inmates saw him and laughed at him while he was being transported, this does not give rise to a constitutional claim against the officers.

Ordinarily, the court should give a *pro se* litigant an opportunity to cure his defective pleadings. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). However, the court is not required to grant leave to amend when such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). The present complaint represents Mr. Taylor's third attempt to state his claims, and the court finds no basis to conclude that, if given another opportunity, he could state a viable claim. Mr. Taylor's motion (ECF 32) asking the court to "move [the] case forward" and "set discovery deadlines" is denied.

For these reasons, the court:

(1) DISMISSES this case pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim;

(2) DENIES the motion to move the case forward (ECF 32) and

(3) DIRECTS the clerk to close this case.

SO ORDERED.

June 18, 2020                                      *s/ Damon R. Leichty*
                                                  Judge, United States District Court